UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PAUL LUCAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CAUSE NO. 2:19-cv-543 |
| PEABODY ENERGY, INC. d/b/a | ) |
| PEABODY BEAR RUN | ) |
| SERVICES, LLC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.  Nature of the Case**

The plaintiff, Paul Lucas (hereinafter "Lucas"), brings this action against his former employer, Peabody Energy, Inc. d/b/a Peabody Bear Run Services, LLC (hereinafter "Defendant"), alleging that Defendant violated his rights under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Indiana Common Law.

**II.  Parties**

1.  Lucas has resided within the Southern District of the State of Indiana at all relevant times.

2.  Defendant operates its business within the Southern District of Indiana.

**III.  Jurisdiction and Venue**

3.  Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5)(A) and 29 U.S.C. § 2611(4).

1

4. Pierce was an "employee" within the meaning of 42 U.S.C. § 12111(4) and 29 U.S.C. § 2611(2).

5. At all relevant times, Lucas has been a qualified individual with a disability, has had a record of disability, and/or has been regarded as disabled by Defendant.

6. At all relevant times, Lucas had a "serious health condition" as that term is defined by the FMLA.

7. At all relevant times, Lucas was an eligible employee under the FMLA and/or had instituted, or caused to be instituted, proceedings under or related to the FMLA.

8. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 1367, 42 U.S.C. § 12117.

9. Lucas satisfied his obligations to exhaust his administrative remedies and now timely files his lawsuit.

10. Venue is proper in this Court.

### IV. Factual Allegations

11. Defendant operates a surface coal mining operation located in Sullivan County, Indiana commonly known as Bear Run Mine.

12. Lucas began working for Defendant Peabody Energy, Inc.'s subsidiary, Air Quality Mine for Conservancy Resources, LLC, on or about May 7, 2009 as an equipment operator. On or about November 18, 2017, Defendant transferred Lucas to another one of Peabody Energy, Inc.'s subsidiaries, Peabody Bear Run Services, LLC, as an End Dump Driver at the Bear Run Mine.

13. Throughout his employment, Lucas performed his job duties in a competent and satisfactory manner, carrying out the essential functions of the job.

14. On or about September 17, 2014, Lucas was jolted in a truck while working and suffered injuries including a torn rotator cuff, herniated cervical discs, right de Quervains, right carpal tunnel syndrome and right index and middle finger triggering.

15. Lucas engaged in protected conduct when he filed a claim under Indiana's Worker's Compensation Act in relation to the workplace injury.

16. As a result of his workplace injury, Lucas had multiple surgeries in 2015 and 2016. In both years, Lucas engaged in protected conduct when he took FMLA leave in relation to his serious health condition(s).

17. After the surgery in 2016 and continuing in 2017, Lucas continued to experience symptoms from his 2014 injury, including pain and numbness in his neck, right shoulder, right arm, and right hand.

18. Defendant denied or otherwise frustrated Lucas' attempts to obtain treatment for the symptoms during 2017.

19. Lucas engaged in protected conduct when he took FMLA leave in 2017 in relation to his serious health condition(s).

20. After transferring to the Bear Run Mine in 2017, Lucas was finally permitted to proceed with treatment for his ongoing symptoms.

21. On April 26, 2018, prior to the commencement of his treatment, Lucas fell at work while climbing into an end dump truck.

22. After his injury, Defendant required Lucas to take medical leave under the FMLA.

23. On or about May 8, 2018, Lucas was released to work without restrictions.

24. Defendant refused to allow Lucas to return to work.

25. In or about August 2018, Lucas underwent surgery and was subsequently placed on medical restrictions.

26. In 2018 and early 2019, Defendant had open positions for which Lucas was qualified.

27. In 2018 and early 2019, Lucas engaged in protected conduct multiple times when he requested a reasonable accommodation of placement into open position(s) for which he was qualified.

28. Defendant failed to engage Lucas in the interactive process and failed to provide him with a reasonable accommodation.

29. Defendant stated that Lucas would not be considered for any open positions because he had too many surgeries and that it was afraid he would have another accident.

30. In late 2018 and early 2019, Lucas engaged in protected conduct when he complained that Defendant was not providing him a reasonable accommodation and failing to place him into open positions for which he was qualified.

31. On March 22, 2019, Defendant terminated Lucas' employment.

32. Lucas has suffered, and continues to suffer, harm as a result of Defendant's unlawful actions.

## V.  Causes of Action

### COUNT I

### DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE – ADA

33. Lucas hereby incorporates paragraphs 1 - 32 of his Complaint.

34. The acts alleged above constitute unlawful employment practices in violation of the ADA.

35. Defendant has failed and refused to apply the same standard to Lucas as it has applied to similarly situated employees who are not disabled, do not have a record of disability, and/or who it does not regard as disabled.

36. Defendant took unlawful, adverse employment actions against Lucas based on his disability, his record of disability, and/or because it regarded him as disabled, including when it failed to engage in the interactive process or provide Lucas with a reasonable accommodation and when it terminated his employment.

37. Defendant's actions, as alleged above, deprived Lucas of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

38. Lucas has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

39. Defendant's unlawful actions against Lucas were intentional, willful, and done in reckless disregard of Lucas's rights as protected by the ADA.

### COUNT II

### RETALIATION – ADA

40. Lucas hereby incorporates paragraphs 1 - 39 of his Complaint.

41. The acts alleged above constitute unlawful employment practices in violation of the ADA.

42. Lucas engaged in protected activity under the ADA.

43. Defendant took unlawful adverse employment actions against Lucas in retaliation for his engagement in protected activity, including when it terminated his employment.

44. Defendant's actions, as alleged above, deprived Lucas of equal employment opportunities and otherwise adversely affected the terms and conditions of his employment.

45. Lucas has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

46. Defendant's unlawful actions against Lucas were intentional, willful, and done in reckless disregard of Lucas's rights as protected by the ADA.

## COUNT III

## VIOLATIONS OF THE FMLA

47. Lucas hereby incorporates paragraphs 1 – 46 of his Complaint.

48. The acts alleged above constitute unlawful employment practices in violation of the FMLA.

49. Defendant's actions, as alleged above, constitute interference with Lucas's FMLA rights and/or constitute retaliation for requesting and/or taking FMLA-qualifying leave, including when it terminated his employment.

50. Lucas has suffered damages as a result of Defendant's unlawful conduct, including lost wages.

51. Defendant's unlawful actions against Lucas were intentional, willful, and done in reckless disregard of Lucas' rights as protected by the FMLA.

## COUNT IV

## WRONGFUL TERMINATION – *FRAMPTON*

52. Lucas hereby incorporates paragraphs 1 - 51 of his Complaint.

53. Lucas suffered a workplace injury.

54. Lucas engaged in protected activity when he filed a claim under Indiana's Worker's Compensation Act.

55. Defendant terminated Lucas's employment because he suffered workplace injury and filed a Workers' Compensation claim in violation of *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

56. Lucas has suffered damages as a result of Defendant's unlawful conduct, including lost wages, mental anguish, and emotional distress.

## VI. Relief Requested

WHEREFORE, Plaintiff, Paul Lucas, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Lucas with similar, salary, and seniority, or pay front pay and benefits to Lucas in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Lucas;

3. Defendant pay liquidated damages to Lucas;

4. Defendant pay compensatory and punitive damages to Lucas;

5. Defendant pay pre- and post-judgment interest to Lucas;

6. Defendant pay Lucas's attorneys' fees and costs incurred in litigating this action;

7. Defendant pay to Lucas any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com

Counsel for Plaintiff, Paul Lucas

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Paul Lucas, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

Jason P. Cleveland (24126-53)
CLEVELAND LEHNER CASSIDY
8250 Haverstick Road, Suite 235
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: jason@clcattorneys.com